UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cr-00296-JPH-TAB |
| MICHEL LAMAH, | ) ) | -06 |
| Defendant. | ) ) | |

**ORDER ON MOTION TO REVIEW DETENTION ORDER**

Mr. Lamah has filed a motion asking the Court to review his detention order and order him released to the Wheeler Mission "Foundations" program. Dkt. [193]. The Court has considered the motion and accompanying declaration, the government's response, the recording of the prior detention hearing, the Pretrial Services Report, and the Magistrate Judge's detention order, and has determined that no hearing is necessary. *See United States v. Cox*, No. 1:16-mj-96-MJD, 2016 WL 614333 at *1 (S.D. Ind. 2016) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). Having considered the issue de novo and weighed the factors identified in 18 U.S.C. § 3142(g), the Court concludes there are no conditions of release that will reasonably assure Mr. Lamah's appearance. *See United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985) ("[A] finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial."). Mr. Lamah's motion is therefore **DENIED**.

1

In support of his motion, Mr. Lamah argues that he should be released into the Wheeler Mission Men's Residential Center as a participant in the "Foundations" program with "the least restrictive conditions" that would reasonably assure his appearance. Dkt. 193 at 1–2. The government opposes Mr. Lamah's motion. Dkt. 204.

While the Court considers this issue de novo, the Court evaluates the same facts that the Magistrate Judge considered in addition to the facts in Mr. Lamah's motion. The Magistrate Judge considered, among other things, that Mr. Lamah had contacts with alleged coconspirators outside Indiana, used a card that was in another person's name, had thousands of dollars in gift cards at his apartment, was willing to use an alias, could spend money in ways that cannot be tracked, had no family or community ties to this district, had family ties outside the United States, and had no employment to go to if released. Mr. Lamah does not dispute any of those concerns or argue that they have changed. *See* dkt. 193.

Mr. Lamah's proposed placement at Wheeler Mission does not, when considered along with all the other relevant facts, change the conclusion that there are no conditions of release that would reasonably assure Mr. Lamah's appearance. Any other potentially relevant information about Mr. Lamah is limited because he has declined to participate in a pretrial interview. The Pretrial Services Report therefore lists all information about Mr. Lamah as "unknown" or "not verified," dkt. 85, and that has not changed since the report was prepared.

For these reasons, the Court concludes there are no conditions of release that will reasonably assure Mr. Lamah's appearance as required. *See* 18 U.S.C. § 3142(g). Mr. Lamah shall therefore remain in the custody of the United States Marshal pending trial.

**SO ORDERED.**

Date: 9/6/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

Cindy Jane Cho
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
cindy.cho@usdoj.gov

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
william.mccoskey@usdoj.gov